**John H. FRASURE, III, Plaintiff–Appellant,**

v.

**SHELBY COUNTY SHERIFF'S DEPARTMENT; Correctional Medical Services; Dennis Dowd; Steve Campbell, Defendants–Appellees.**

No. 00–5348.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

## ORDER

John H. Frasure III, a Tennessee state prisoner, appeals pro se the judgment in favor of defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Frasure filed this complaint in May 1998, alleging that he had been denied adequate medical care during his incarceration at the Shelby County jail. After pretrial proceedings were conducted be-

fore Judge Turner, the case was transferred to Judge McCalla to conduct a bench trial. At the conclusion of Frasure's case, the district court granted defendants' motion for judgment as a matter of law, concluding that the complaint was barred by the statute of limitations. On appeal, Frasure argues that this conclusion was incorrect because he learned of the full extent of his injury within the statutory period and because the denial of defendants' earlier motions to dismiss or for summary judgment on statute of limitations grounds constituted the law of the case.

Upon de novo review, we conclude that the judgment as a matter of law in favor of defendants must be affirmed. *See Aparicio v. Norfolk & Western Ry.*, 84 F.3d 803, 806 (6th Cir.1996), *abrogated on other grounds, Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).

The statute of limitations for civil rights actions arising in Tennessee is one year. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir.1992). Federal law determines when a cause of action accrues. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). Under federal law, a cause of action generally accrues when the plaintiff has reason to know of his injury, *id.*, or at the time of the defendants' action, and not when the consequences become most painful. *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

In this case, Frasure's proof at trial indicated that he injured his elbow in March 1996. He was seen by an orthopedic specialist who ordered physical therapy in August 1996. Frasure was not provided with therapy, and on return to the specialist in October received another order for physical therapy. Following that recommendation, officials at the Shelby County jail told Frasure that he would not be

taken out of the jail for physical therapy, but would have to do his own exercises in his cell. The district court concluded that the statute of limitations commenced in October 1996, because Frasure knew of defendants' decision to deny him physical therapy at that time. He argues that the statute did not begin to run until May 1997, when a physician told him that surgery would be necessary but could not be performed while he was at the Shelby County jail because physical therapy would be necessary following the surgery. Shortly thereafter, Frasure was transferred to the Tennessee Department of Corrections, and the necessary surgery and physical therapy were performed in March 1998. Frasure's evidence showed that he was aware of the denial of therapy in October 1996. That decision did not change thereafter. The visit to the physician in May 1997, added nothing to what Frasure already knew about the unavailability of physical therapy at the Shelby County jail. Therefore, the complaint, filed in May 1998, was barred by the statute of limitations.

Frasure also argues that the issue of the statute of limitations had been addressed in denying defendants' motions to dismiss or for summary judgment before the case was transferred to Judge McCalla, and therefore constituted the law of the case. No abuse of discretion is apparent in the decision to review the issue of the statute of limitations again at the close of Frasure's evidence. *See Gillig v. Advanced Cardiovascular Sys., Inc.,* 67 F.3d 586, 590 (6th Cir.1995). The transcript shows that the district court carefully considered this issue before concluding that the evidence presented by Frasure compelled a finding that his cause of action had accrued in October, 1996. Having the benefit of hearing all of Frasure's evidence in support of his case allowed the district court to make a finding on the accrual date, which had

not been possible at the time the motions to dismiss or for summary judgment were decided.

For all of the above reasons, therefore, the judgment in favor of the defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.